```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,
et al.,

      Plaintiffs,

  v.                                  Case No.  2:12-cv-881

                                        Magistrate Judge Kemp

Cannon Management Group, LLC,
et al.,

      Defendants.

## OPINION AND ORDER

      This action involves a dispute that arose between a project contractor and a construction company in the course of their work on a construction project located at a Veteran's Affairs facility in Chillicothe, Ohio.  Plaintiff N.R. Lee is the construction company, and it brought this action against the project contractor, Cannon Management Group, LLC ("Cannon"), as well as Cannon's surety on the project, American Contractors Indemnity Company, asserting claims for breach of contract, violation of the Miller Act, 40 U.S.C. §3131 et seq., and reformation of contract.  The complaint also alleges that the "Contracts contain an arbitration clause and a case has been filed at the American Arbitration Association," and asserts that the case should be stayed pending the arbitration.

      Defendants filed a motion to dismiss for lack of jurisdiction, arguing that N.R. Lee failed to set forth a valid Miller Act claim because it failed to sue within the time proscribed by the Act, and that without that claim this Court lacked subject-matter jurisdiction over the action.  Subsequently, N.R. Lee filed a motion to stay this case pending the outcome of an arbitration scheduled to take place on August

13, 2013 before the American Arbitration Association.  In their opposition to the motion to stay, Defendants argue primarily that the Court cannot rule on the motion to stay because it lacks subject matter jurisdiction.  The Court will first turn to the question of whether it has subject-matter jurisdiction over this matter.

## I.

A federal court is a court of limited jurisdiction; that is, not every lawsuit which alleges a legal claim can be filed in a federal court.  Rather, this court may hear cases only if the kind of case a plaintiff wishes to bring is described in Article III of the United States Constitution and if Congress has granted the Court the authority to hear the case.  Cases falling outside the jurisdiction of the federal courts can be filed in a court of general jurisdiction, such as the state court.

The complaint alleges that the basis of this Court's jurisdiction is the Miller Act, 40 U.S.C. §§3131 et seq. (Compl. at ¶3.)  Defendants argue that this Court lacks jurisdiction because the Miller Act provides that "[a]n action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action," 40 U.S.C. §3133(b)(4), and this action was brought outside of that time period.  N.R. Lee argues that the time limitation is not jurisdictional.

The Supreme Court has considered the question of whether certain statutory requirements are jurisdictional or merely essential ingredients of a federal claim for relief:

> On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove

>the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination." 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed.2005) (hereinafter Moore). Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." Da Silva [v. Kinsho Intern. Corp], 229 F.3d [358], at 361 [(2nd Cir. 2000)]. We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit. Steel Co. [v. Citizens for a Better Environment], 523 U.S. [83], at 91, 118 S.Ct. 1003 [(1998)].

Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006). The consequences of classifying a provision as jurisdictional rather than as an element of a claim for relief are significant:

>First, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." . . . Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. . . .
>
>Second, in some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. . . . If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts. . . .
>
>Third, when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. . . . In contrast, when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.

Id. at 514 (citations omitted).

Because of the importance of this determination, the Supreme Court adopted a "readily administrable bright line" articulated as follows: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516 (holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"). More recently, the Supreme Court has provided some further guidance on discerning Congress's intent:

> Congress, of course, need not use magic words in order to speak clearly on this point. "[C]ontext, including this Court's interpretation of similar provisions in many years past, is relevant." . . . When "a long line of this Court's decisions left undisturbed by Congress," . . . has treated a similar requirement as "jurisdictional," we will presume that Congress intended to follow that course.

Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1203, 179 L. Ed. 2d 159 (2011) (citations omitted).

The provision at issue here is the Miller Act's time limitation on filing actions. Typically "rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" are considered "claim-processing rules" and should not be considered jurisdictional. Henderson, 131 S. Ct. at 1203 (citations omitted). "Filing deadlines . . . are quintessential claim-processing rules." Id. The Supreme Court has noted that language making a time limit emphatic is not the same as language designating a time limit as jurisdictional. Arbaugh, 546 U.S. at 510 ("this Court and others have occasionally described a nonextendable time limit as 'mandatory and jurisdictional.' . . .

But in recent decisions, we have clarified that time prescriptions, however emphatic, 'are not properly typed "jurisdictional."')(citations omitted).  Indeed, in <u>Henderson</u> the Court held that a statute providing that a veteran seeking Veterans Court review of the Department of Veterans Affairs' determination of disability benefits "shall file a notice of appeal ... within 120 days" was <u>not</u> jurisdictional.  131 S.Ct., at 1204 (quoting 38 U.S.C. § 7266(a)).  Instead the Court held that "the language of § 7266 provides no clear indication that Congress wanted that provision to be treated as having jurisdictional attributes."  <u>Henderson</u>, 131 S. Ct. at 1205.  Indeed, because of the history of treating filing deadlines as non-jurisdictional, there must be a clear indication that Congress intends for such limitations to be jurisdictional for them to be treated as such.  <u>Sebelius v. Auburn Reg'l Med. Ctr.</u>, 133 S. Ct. 817, 825, 184 L. Ed. 2d 627 (Jan. 22, 2013).

In light of these rulings, the Ninth Circuit held that the time limitation in the Miller Act is <u>not</u> jurisdictional:

> A proper analysis of the Miller Act's statute of limitations makes clear that it is a claim-processing rule, not a jurisdictional requirement. As a statute of limitations, § 3133(b)(4) of the Miller Act is cloaked in a presumption of non jurisdictional status that may be stripped only if there is an "exceptional" reason for doing so, <u>Auburn Reg'l</u>, 133 S.Ct. at 825 (citations omitted), and the relevant factors all indicate there is nothing exceptional about § 3133(b)(4). It is, instead, a "run-of-the mill statute of limitations." <u>See Holland v. Florida</u>, --- U.S. ----, 130 S.Ct. 2549, 2561, 177 L.Ed.2d 130 (2010).
>
> For one, § 3133(b)(4) "does not speak in jurisdictional terms." <u>Auburn Reg'l</u>, 133 S.Ct. at 824 (internal quotation marks omitted). Neither the word "courts" nor "jurisdiction" appears in the section, which implies that § 3133(b)(4) is "a restriction on the rights of plaintiffs to bring suit, rather than [ ] a limitation on the power of the federal courts to hear the suit."

Payne v. Peninsula Sch. Dist., 653 F.3d 863, 869 (9th Cir. 2011) (en banc).

Nor is § 3133(b)(4) located in a provision granting federal courts jurisdiction over Miller Act claims. See Reed Elsevier, 130 S.Ct. at 1245-46. Federal courts have subject matter jurisdiction over Miller Act claims pursuant to 28 U.S.C. § 1331, and § 1331 does not "condition[ ] its jurisdictional grant" on whether the plaintiff files his claim within the one year limitations period in § 3133(b)(4) of the Miller Act. See id. at 1246.

There is also not a "century's worth of precedent and practice in American courts" holding that the Miller Act's statute of limitations is a jurisdictional requirement. See Auburn Reg'l, 133 S.Ct. at 825 (internal quotation marks omitted). Since Arbaugh, the Supreme Court has twice held, despite the presumption against it, that a filing deadline was jurisdictional, see Bowles v. Russell, 551 U.S. 205, 208, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (notice of appeal); John R. Sand & Gravel v. United States, 552 U.S. 130, 133, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008) (statute of limitations for suits filed in the Court of Federal Claims), but both decisions hinged on the fact that the Supreme Court itself had long held those deadlines were jurisdictional, Bowles, 551 U.S. at 210-12, 127 S.Ct. 2360 (cases dating back to 1848); John R. Sand & Gravel, 552 U.S. at 134, 128 S.Ct. 750 (cases dating back to 1883); see also Reed Elsevier, 130 S.Ct. at 1250-51 (Ginsburg, J., concurring) (explaining Bowles and John R. Sand & Gravel in light of Arbaugh's bright line rule). In contrast, the Supreme Court has never held that the Miller Act's statute of limitations is a jurisdictional requirement, nor is there uniformity among the circuit courts on the issue. See Highland Renovation Corp. v. Hanover Ins. Grp., 620 F.Supp.2d 79, 81-82 (D.D.C.2009) (compiling cases).

Lastly, the Miller Act "was intended to be highly remedial," and the Supreme Court has stated that courts must construe the Miller Act's provisions with this highly remedial purpose in mind. Fleisher Eng'g & Constr. Co. v. United States ex rel. Hallenbeck, 311 U.S. 15, 17-18, 61 S.Ct. 81, 85 L.Ed. 12 (1940). It is unlikely Congress intended the Miller Act's statute of limitations to be a jurisdictional requirement given

>   the Act's highly remedial purpose. See Henderson, 131
>   S.Ct. at 1202-05 (in analyzing a filing deadline for an
>   appeal to the Veteran's Court, noting that, given "the
>   solicitude of Congress for veterans," Congress would
>   not have intended the filing deadline at issue to be
>   jurisdictional due to the potentially "drastic"
>   consequences of such a label).

U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc., 11-56230, 2013 WL 3242673, *3-4 (9th Cir. June 28, 2013). The Court finds this reasoning persuasive.

In arguing that the provision at issue is jurisdictional, Defendants cite to decisions that pre-date Arbaugh.  One of the decisions that Defendants cite, U. S., for Use of Celanese Coatings Co. v. Gullard, 504 F.2d 466 (9th Cir. 1974), has now been expressly overruled by Air Control Technologies, Inc.,[1] which stated, "[b]ecause Celanese Coatings is clearly irreconcilable with intervening higher authority, we overrule it and hold the Miller Act's statute of limitations is a claim-processing rule, not a jurisdictional requirement." Air Control Technologies, Inc., 2013 WL 3242673 at *4.  Accordingly, the Court concludes that the time limitation in the Miller Act is not jurisdictional.  As a result, the Court may proceed to consider the motion for stay pending arbitration.

## II.

N.R. Lee has moved to stay this action pending the arbitration.  Under the Federal Arbitration Act, "[i]f a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete."  Fazio v. Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir. 2003) (citing 9 U.S.C. § 3).  N.R. Lee has

---

[1] The Court recognizes that Air Control Technologies, Inc. was decided after the briefs in this case were filed.

attached three contracts to the complaint, each of which is between N.R. Lee and Cannon, and each of which indicates that the parties have agreed to binding arbitration in the event that any claims are not resolved by mediation.  Defendants do not dispute that the disputes between N.R. Lee and Cannon are "subject to arbitration under the contractual provisions agreed between them."  (Doc. No. 15 at 4.)  Defendants note that American Contractors Indemnity Co. is not a party to any of the contracts.  (<u>Id</u>.)  However, Defendants recognize that they could be bound by the arbitration if the Miller Act claim survives.  (<u>Id</u>.)  Indeed, sureties on Miller Act subcontracts are bound by ensuing arbitration proceedings even if the sureties were not named parties in the arbitration as long as they had constructive notice of the proceeding.  <u>U.S. for Use & Benefit of Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.</u>, 995 F.2d 656, 661 (6th Cir. 1993).  Here American Contractors Indemnity Co. has been named as a party to the arbitration proceeding.  (Doc. No. 13, Exh. B.)  The only argument Defendants have made against the stay is that the Court lacks subject-matter jurisdiction to rule on the motion because of the jurisdictional nature of the time requirement in the Miller Act.  Having found that argument to be meritless, the Court determines that a stay is appropriate here.

### III.

For the foregoing reasons, the Motion of N.R. Lee for Stay Pending Arbitration (Doc. No. 13) is granted.

/s/ Terence P. Kemp
UNITED STATES MAGISTRATE JUDGE